## WATSABAUGH & CO. v. SEABOARD SURETY CO. et al.

### No. 9110.

Circuit Court of Appeals, Ninth Circuit.

Aug. 31, 1939.

William J. Hotz and Hotz & Hotz, all of Omaha, Neb., and R. F. Gaines, of Butte, Mont., for appellants.

Munger & Rhodes, of Omaha, Neb., and John G. & William A. Brown, of Helena, Mont., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Appellants, plaintiffs below, moved the District Court for a new trial after judgment had been entered in their suit under the so-called Heard Act, 40 U.S.C.A. § 270.

On appeal here their "Statement of Points Intended to be Relied Upon" confined the appeal to the single claim that the District Court erred in denying the motion because the "testimony given upon the trial of this cause by its legal effect entitled them to relief which was denied to them by the judgment of the court as ordered under date of June 22, 1938, and that said testimony by its legal effect did not entitle defendants and appellees, Seaboard Surety Company, a corporation, and A. M. Lundberg, to the relief assumed to be granted to them by said judgment; that the testimony in question was taken down in shorthand by two reporters in attendance upon the court during the time testimony was given, that each and both of said reporters died without having transcribed their stenographic notes of said testimony, and that by reason of the death of said reporters, plaintiffs and appellants were unable to procure any transcript of said testimony and thus to present in written form and for review upon appeal any statement of facts or bill of exceptions wherefrom and whereby the Circuit Court of Appeals of the United States for the Ninth Circuit, could or can determine either the legal sufficiency of the contentions of plaintiffs and appellants or the question of whether or not the findings of fact, conclusions of

law and judgment of the District Court of the United States, for the District of Montana, would be supported by legally sufficient evidence" and because the failure to obtain a transcript was without their fault.

On the hearing appellants waived the claim asserted in their brief that the Montana law controlled the motion for a new trial and based their claim of error on the ground that their proof on the hearing of the motion had satisfied the requirements of the rule of the District Court providing:

Rule 74.—*New Trials.*—"A new trial may be granted in an action at law, whether it was tried with a jury or without one, for any of the following causes materially affecting the substantial rights of the losing party:

\*　\*　\*　\*　\*　\*

"(8) Where the right to have a bill of exceptions has been lost without any fault or negligence on the part of the losing party.

\*　\*　\*　\*　\*　\*

"The petition shall be heard upon the pleadings and papers on file and upon 'the minutes of the Court,' which, for this purpose, shall include not only the Clerk's minutes, and any notes and memoranda which may have been kept by the Judge, but also the reporter's transcript of his shorthand notes; provided, that if the petition be on any ground other than errors in law or insufficiency of the evidence, any fact or circumstance outside of the pleadings and papers on file and the said 'minutes of the Court,' proper to be shown, may be shown by affidavits. Copies of such affidavits shall be served with the copy of the petition, and the originals shall be filed with the Clerk. The adverse party shall have ten days after the service upon him of said copies of said affidavits to serve and file counter-affidavits; and the petitioner shall have five days after the service of said counter-affidavits to serve and file affidavits in reply to any new matter contained in said counter-affidavits, \* \* \*."

It is unnecessary to consider whether the mention of the transcript in the rule requires a new trial in any case where no reporter was employed or where it is impossible to obtain a transcript of the notes of a reporter who has been employed.

Appellants' affidavits on the motion failed to show any reason why the short-

hand notes of one of the two deceased reporters referred to in their "Statement of Points Intended to be Relied Upon" who had taken down the evidence and trial proceedings had not been transcribed by some other person. Appellees' affidavits showed that both reporters' shorthand notes were in a standard system of shorthand which could be transcribed by other shorthand reporters, and that other notes of both stenographers had been so transcribed, since their decease. No affidavit contradicted this evidence as to one of the deceased reporters. As to the other there was opposing nothing but hearsay statements.

The evidence not only sustains the District Court's action but permits but one conclusion—that the requirements of its rule have not been satisfied.

The judgment is sustained.