**ARTHUR N. OLIVE CO., Inc., et al.,**
**Defendants, Appellants,**

v.

**UNITED STATES of America, for the use**
**and benefit of Dan C. MARINO, etc.,**
**Plaintiff, Appellee.**

**No. 5881.**

United States Court of Appeals
First Circuit.

Heard Nov. 8, 1961.

Decided Dec. 8, 1961.

On Rehearing Jan. 16, 1962.

Charles E. Gennert, Boston, Mass., with whom Herbert L. Crimlisk and Withington, Cross, Park & McCann, Boston, Mass., were on brief, for appellants.

Philip D. Epstein, Boston, Mass., for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment following a jury verdict in the United States District Court for the District of Massachusetts for the use plaintiff, Dan C. Marino (hereinafter called Marino), in an action to recover on a payment

bond filed under the Miller Act. 49 Stat. 793, 40 U.S.C.A. § 270a et seq. Marino, a resident of Massachusetts, is engaged in the contracting business.

On June 25, 1958, the appellant, Arthur N. Olive Co., Inc., (hereinafter called Olive), a Massachusetts corporation, contracted with the United States to construct Sewerage System Modifications at three NIKE Battery sites in Massachusetts. Olive furnished a payment bond with the New Amsterdam Casualty Company as surety. On August 7, 1958 Olive subcontracted a portion of his prime contract to Marino for $62,000. Incident to this subcontract, Marino furnished labor and materials valued at some $55,000 to $57,000, leaving a total of $5,000 to $6,000 worth of work unperformed at the time that work was discontinued because of an alleged breach of the contract by Olive.

In addition to the work which he performed incident to the subcontract, Marino at Olive's direction performed "extra" work at the same sites which were the subject of the original agreement. These extras, some but not all of which were contemplated in the initial subcontract, embraced such projects as drilling, blasting, trenching and laying pipe. Testimony of Marino indicated that the value of these extras amounted to approximately $37,000. Marino, in establishing the basis for the extras testified that his charges were fair and reasonable in each instance. He was unable to identify with any notable specificity the precise profit margin on a particular project. However, his testimony indicated that while his minimum profit margin was ten percent, in some instances it rose to as much as thirty-five percent.

Ninety days having elapsed since he performed the last of his work on the NIKE installations, Marino brought this action to recover under the "payment bond" filed pursuant to the Miller Act. Both Olive and New Amsterdam were joined as defendants in this suit. At the time that he initiated this action, Marino had billed Olive $54,000 under the subcontract and had been paid $52,500.

Marino's complaint, invoking the jurisdiction of the district court under the Miller Act, recited the fact that he had agreed with Olive to furnish labor and materials for the Sewerage System Modifications, that such labor and materials were actually furnished and "that by reason of furnishing the aforesaid materials there became due and owing to the use plaintiff, Dan C. Marino, the sum of forty-two thousand one hundred eleven dollars 9/100 ($42,111.09) with interest thereon. * * *"

Following a lengthy trial, the jury returned a verdict for Marino in the sum of $30,633.17 to which interest was added.

The principal questions on this appeal arise from the instructions of the trial judge to the jury on the elements which it might consider in awarding Marino damages. In discussing the question of damages the trial judge charged the jury:

"If you find for the plaintiff you are to assess damages sufficient in amount to compensate the plaintiff for the loss you find he actually sustained; that is, he is to recover the amount you find to be due for any extras which you find he performed at the request of the Olive Company, plus any amount you find still to be due, if you find such, on the basic contract plus the profit, if any, he would have made on the remaining unperformed portion of the contract which was not completed by him, and to determine this last figure you are to take the balance unpaid on the contract and subtract from it what you find to be the cost of completing the unfinished work."

Appellant objected to that portion of the charge which permitted the recovery of profit on unperformed work under the basic contract. It also objected to the language in the charge which would permit a recovery of profit on the "extras" which were supplied by Marino.

Appellant argues that by permitting the jury to award profits "on the remaining unperformed portion of the contract which was not completed by him" the trial judge, in effect, permitted Marino to recover damages for a breach of the contract. It urges that recovery of such damages—by a subcontractor situated as Marino—would be manifestly outside the purview of the Miller Act. We agree with appellant's position in this regard.

■■ The Miller Act, like its statutory predecessor, the Heard Act, 28 Stat. 278, was enacted to give those supplying labor and materials for government construction contracts, protection comparable to that furnished by mechanics' and materialmen's liens where private construction is involved. United States v. Harman, 192 F.2d 999 (4 Cir. 1951); see, United States v. Munsey Trust Co., 332 U.S. 234, 241, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947). So far as is relevant here the Miller Act provides: "(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished * * * shall have the right to sue on such payment bond for the * * * balance * * * unpaid at the time of institution of such suit * * *." 40 U.S. C.A. § 270b(a).

The Act is a Congressional recognition of the equity in favor of those whose actual expenditure of work or utilization of material has enhanced the value of the property in question. However, since the statute was enacted to confer rights equivalent to those which would accrue under a lien where private construction is involved and since unrealized gain or profit for breach of contract cannot be recovered under such a lien, a subcontractor should not be allowed to recover for loss of profits on the statutory bond under the Miller Act. While the subcontractor may assuredly institute an independent action against the contractor for the unrealized profits stemming from the breach, the courts are uniform in holding that such an action may not be maintained against the surety on the contractor's bond under the Miller Act. L. P. Friestedt Co. v. U. S. Fireproofing Co., 125 F.2d 1010 (10 Cir. 1942); United States v. John A. Johnson & Sons, 65 F.Supp. 514 (D.C.Md.1945), aff'd., 153 F.2d 534 (4 Cir. 1946); United States v. Maryland Casualty Co., 54 F. Supp. 290 (D.C.W.D.La.1944), aff'd., 147 F.2d 423 (5 Cir. 1945); United States, to Use of Watsabaugh v. Seaboard Surety Co., 26 F.Supp. 681 (D.C.Mont.1938), aff'd., 106 F.2d 355 (9 Cir. 1939).

Moreover, a reading of the complaint shows that, consonant with the statutory criteria, Marino merely sought recovery on the basis of the labor and materials which were actually furnished in the construction of the projects here at issue. However, it is apparent that under the trial judge's instructions, Marino was allowed to recover not only for the labor and materials supplied but also for the profit on the labor and materials which he did not supply because of the supervening breach by Olive—"the profits on the unperformed portion of the contract." In short, Marino was enabled to recover for an item which he failed to even ask for in his complaint.

■ Quite apart from the foregoing, the charge of the trial judge is also subject to the infirmity that, in effect, it permitted Marino a double recovery of one of his ostensible items of damage. As seen above, the trial judge told the jury that in computing its award of damages for Marino, it might consider three distinct items: (1) the amount due for extras; (2) the amount yet unpaid on the basic contract; (3) the profit on the unperformed portion of the contract. Under these instructions the court allowed the jury to award Marino the "amount due on the basic contract" twice. The possibility of this dual recovery is best exemplified by a tabular presentation of the pertinent amounts here at issue. Thus, following the judge's instruction, the jury would have computed the "amount due on the basic contract" as follows:

Work performed    $55,000 or $57,000
Less:
   Payments by Olive $52,500
Balance    $ 2,500 or $ 4,500

Having made this computation, the jury presumptively would then turn to the next item enumerated by the court—the profit on the unperformed portion of the contract. Under the instruction this was to be computed by taking the balance unpaid on the basic contract and deducting from it the cost of completing the unperformed work. This computation would appear tabularly as:

Contract    $62,000
Payments    $52,500

   Balance unpaid on the
     contract    $ 9,500
Less:
   Cost of completing $5,000–
   $6,000 worth of unper-
   formed work.

It is obvious, relative to this last calculation, that the trial judge should have directed the jury to deduct from the $9,500 figure the $2,500–$4,500 amount which had previously been computed as a separate item. Under the court's formula, the jury was thus allowed to award $2,500–$4,500 damages a second time. This, of course, was demonstrably prejudicial to the appellant.

■ Appellant's second principal contention is that Marino was not entitled to a profit on the "extras" which he furnished but rather that he should be restricted to their actual cost. There is no question that the extras were all furnished at Olive's direction, with his acquiescence and were utilized on the instant projects. We believe that in this situation the subcontractor should be allowed to recover a reasonable profit on the extras thus furnished. Out-of-pocket expense is not the limit of the fair value of labor and materials. See Continental Casualty Co. v. Schaefer, 173 F.2d 5, 8 (9 Cir. 1949). The question of whether Marino's charges for the extras were reasonable may be determined on the remand of this case.

Judgment will be entered vacating paragraphs 1 and 2 of the amended judgment of the District Court, setting aside the verdict to that extent, remanding the case to that Court for a new trial on the complaint, as amended, and affirming paragraph 3 of said amended judgment.

On Petition for Rehearing.

HARTIGAN, Circuit Judge.

We are asked to clarify our opinion in the above entitled case as to the scope of the issues which will be open on the remand. On the original appeal to this court, appellants raised no question as to liability for the labor and materials furnished under the contract nor for the "extras" also supplied by the use plaintiff. Their asserted errors related solely to the question of the proper measure of damages recoverable for these items. Consequently, these were the only questions with which we dealt in our original opinion, and, thus, are the only issues which will be open on remand.

Accordingly, in the interest of clarity our original mandate will be modified to read:

Judgment will be entered vacating paragraphs 1 and 2 of the amended judgment of the district court, setting aside the verdict to that extent, remanding the case to that court for a new trial to be restricted exclusively to the question of the amount of damages properly recoverable, and affirming paragraph 3 of said amended judgment.