138 So.2d 518 (1962)
SANTA ROSA COUNTY, Florida, for the Use and Benefit of J.E. DANIELS, INC., a Corporation, Appellant,
v.
RAYMOND BLANTON CONSTRUCTION COMPANY, Inc., and Fidelity & Deposit Company of Maryland, Appellees.
No. D-92.
District Court of Appeal of Florida. First District.
March 8, 1962.
Fisher & Hepner, Pensacola, for appellant.
Holsberry & Emmanuel, Pensacola, for appellees.
STURGIS, Judge.
This is a suit by Santa Rosa County, Florida, for the use and benefit of J.E. Daniels, Inc., against Raymond Blanton Construction Company, Inc., and Fidelity & Deposit Company of Maryland, who are the principal (contractor) and surety, respectively, on a performance bond given by the contractor to the county in compliance with Section 255.05, Florida Statutes 1941, F.S.A., and pursuant to a contract for the construction of a courthouse for said county. The use plaintiff sought to recover a sum due for premiums on Workmen's Compensation and public liability insurance sold to and required by the contract to be carried by the defendant contractor. The performance bond was conditioned upon the prompt and faithful performance by the principal of the construction contract. This appeal seeks *519 reversal of an order granting a motion of the defendant surety to be dismissed from the action on the substantial ground that the complaint fails to state a cause of action against it.
It appears by the complaint that the contractor, in compliance with its contract with Santa Rosa County and in order to meet the requirements of Section 255.05, Florida Statutes 1941, F.S.A., posted two bonds in favor of Santa Rosa County, with Fidelity & Deposit Company of Maryland as surety, one of which was conditioned on the principal (contractor) promptly making payments to all claimants as defined in the bond for labor, material and supplies used or reasonably required for use in the performance of the contract, and the other on the contractor promptly and faithfully performing the contract, which by reference was incorporated in each bond. It further appears that appellant sold to the contractor the Workmen's Compensation and public liability insurance required to be carried under the contract and that the contractor is in default in payment of the premiums for the insurance.
The construction contract provided, inter alia, that the contractor was to include in the contract sum as a cash allowance all allowances named in the contract documents. These allowances, which were spelled out in such documents, do not include an item for insurance premiums.
Relying on the decision of this court in Phoenix Indemnity Company v. Board of Public Instruction of Alachua County, (Fla. App. 1959), 114 So.2d 478, the defendant surety insists that the use plaintiff was not entitled to recover from it the amount due for premiums on said Workmen's Compensation and public liability insurance. The bond in that case contained, in addition to the conditions prescribed by F.S. 255.05, F.S.A., a further condition that the contractor-principal pay all bills for "services" furnished to the principal in connection with the contract, and in passing thereon we said:
"We recognize the word `services' as having a connotation distinct from `labor, material and supplies', although the latter may to some extent be connected to the former."
* * * * * *
"Considering the contract documents and the bond as a whole and according an active and objective purpose to the word `services' as used in the bond, disguishable from the word `labor', or `material', or `supplies', as used therein, the trial court correctly held that the premiums payable for insurance furnished to the contractor are included in the coverage of the bond."
The word "services" does not appear in the bond now under consideration, which was given in accordance with F.S. 255.05, F.S.A., and carefully traces but does not go beyond the statutory requirements. Therefore, it does not mention any obligation on the part of the surety to pay insurance premiums, nor does its coverage extend to "services" as in Phoenix, hence the rule in that case does not apply. In the order appealed the learned trial judge clearly recognized the distinction, for after observing that the bond in suit guaranteed payment for "all labor, supplies and material used or reasonably required for use in the performance of the contract," he went on to say:
"The condition of such obligation does not * * * include payment of insurance premiums for insurance furnished to the contractor. Obviously, the parties could have contracted for coverage beyond that required by Section 255.05, Florida Statutes, but they did not elect to do so."
In Phoenix the construction contract required the contractor to procure and maintain Workmen's Compensation, public liability and property damage insurance and to pay all payroll and material bills and other costs and liabilities incurred in connection with the construction of the work. *520 The latter provision respecting the payment of all liabilities incurred is not found in the construction contract here involved. It was because of the special provisions of the bonds and contract involved in Phoenix that our decision therein quoted with approval from 129 A.L.R. 1092 the general principle that where the contractor is required by his agreement to maintain the insurance, the insurance premiums are covered by a contractor's bond that is conditioned upon the faithful performance of the contract and the payment of all the claims or debts incurred in connection with the performance of the contract. That principle was applied in the decisions from which we quote in the Phoenix opinion.
In the instant case the contract for performance of which the bond in suit was given merely provides that the contractor will furnish all labor and materials necessary to construct the building in accordance with the plans and specifications of the architect. While it is true that it required the contractor to procure and maintain Workmen's Compensation and liability insurance, it contains no provision whereby the contractor agrees to pay all bills incurred in connection with the performance of the contract; and the subject bond is merely conditional upon the faithful performance of the contract. If the contractor failed to procure insurance as agreed by him, resulting in a loss to Santa Rosa County, such loss would doubtless be covered by the performance bond in suit, but this is not the situation presented by this appeal. Insurance premiums owed by the contractor cannot be considered as labor or materials. Supplies has been construed to mean tangible personal property incorporated in the work and cannot be extended to include insurance premiums. Under the type of contract and bonds involved in the instant case it has uniformly been held that even though the contract required the procurement and maintenance of insurance, the amount of premiums is not a charge against a bond which merely guarantees faithful performance of the contract. See the cases cited in 129 A.L.R. 1088 under the heading "Bond conditioned merely upon faithful performance and/or payment of claims for labor, materials, etc."
It is for the legislature rather than the courts to extend the coverage beyond the reasonable limits stated in such bonds. The present statutory coverage does not include a claim for insurance premiums and the parties have not so contracted.
Affirmed.
CARROLL, DONALD K., Chief Judge, and WIGGINTON, J., concur.