**UNITED STATES** for the Use of David WEST d/b/a West Insurance Company, Plaintiff,

v.

**PETER KIEWIT & SONS' CO.** and Jack Edwards d/b/a Edwards Painting and Decorating and Aetna Casualty & Surety Co., Defendants.

Civ. No. F–15–64.

United States District Court
D. Alaska.

Nov. 24, 1964.

Howard P. Staley, of Rice, Staley & Massari, Fairbanks, Alaska, for plaintiff.

Charles E. Cole, Fairbanks, Alaska, for defendants Peter Kiewit & Sons' Co. and Aetna Casualty & Surety Co.

PLUMMER, District Judge.

Plaintiff commenced this action under the Miller Act, 40 U.S.C.A. §§ 270a—270e, to recover premiums due for workmen's compensation insurance provided by plaintiff to the defendant Jack Edwards, d/b/a Edwards Painting and Decorating, a subcontractor.

The case is presently before the court on the motion of the defendants Peter Kiewit & Sons' Co., the prime contractor, and its surety, Aetna Casualty & Surety Co., to dismiss the action on the ground that the Miller Act, 40 U.S.C.A. § 270a, does not render the prime contractor and its surety liable for premiums for workmen's compensation insurance incurred by a subcontractor.

Plaintiff contends that the Miller Act should be liberally construed to carry out the intent of Congress. The court fully agrees with this contention. However, the vast difference between "liberal construction" and "judicial legislation" must be recognized.

A liberal construction does not justify ignoring plain words of limitation and imposing wholesale liability on payment bonds. MacEvoy Co. v. United States, 322 U.S. 102, 107, 64 S.Ct. 890, 88 L.Ed. 1163 (1944).

Section 270a of Title 40 U.S.C.A. provides in part as follows:

"(a) Before any contract, exceeding $2,000 in amount, for the construction, alteration, or repair of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States the following bonds, which shall become binding upon the award of the contract to such person, who is hereinafter designated as 'contractor':

\* \* \* \* \* \*

"(2) A payment bond with a surety or sureties satisfactory to such officer for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person. \* \* \* "

The Miller Act represents a Congressional effort to protect persons supplying labor and material for the construction of public buildings. It is designed to give such persons the same protection that state lien laws give ordinarily to persons furnishing labor and material for use in private construction. Since the property of the United States is not subject generally to state lien laws, the bond protection of the Miller Act is in lieu of the liens provided by state law. United States for Benefit and on Behalf of Sherman v. Carter, 353 U.S. 210, 216, 77 S.Ct. 793, 1 L.Ed.2d 776 (1957); United States v. Munsey

Trust Co., 332 U.S. 234, 241, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947); United States for Use and Benefit of Miles Lumber Co. v. Harrison and Grimshaw Construction Co., 305 F.2d 363, 368 (10th Cir. 1962); Continental Casualty Company v. United States, 305 F.2d 794, 797 (8th Cir. 1962); Arthur N. Olive Co. v. United States, 297 F.2d 70, 72 (1st Cir. 1961).

■ There is nothing to suggest or indicate that Congress intended to provide laborers and materialmen greater protection under the Miller Act than that afforded to such persons by the lien laws of the various states where public buildings and works of the United States were not involved. It follows that the words "labor and material" should be given the same meaning under the Miller Act as under state lien laws. Counsel for plaintiff does not suggest that premiums for workmen's compensation insurance are covered by the lien laws of any state and no decision of any court holding that such premiums are a lienable item as labor and material has been brought to the court's attention.

■ A liberal construction is to be distinguished from a strained or distorted construction. It means merely the giving to the language of a statutory provision, freely and consciously, its commonly, generally accepted meaning, to the end that the most comprehensive application thereof may be accorded, without doing violence to any of its terms. Sutherland, Statutory Construction, 3rd Ed., Vol. 3, § 5504, pp. 40 and 41.

■ It is my opinion that the words "labor and material" simply do not mean, and should not be construed liberally or otherwise to include, premiums for workmen's compensation insurance. The motion of the defendants Peter Kiewit & Sons' Co. and Aetna Casualty & Surety Co. to dismiss the action is granted. United States ex rel. Southern G-F Co. v. Landis & Young, 16 F.Supp. 832, 834 (W.D. La.1935); United States to Use and Benefit of New York Cas. Co. v. Standard Surety & Casualty Co., 32 F.Supp. 836 (S.D.N.Y.1940); United States for Use of Gibson v. Harman, 192 F.2d 999, 1001 (4th Cir. 1951). Cf. Key Agency v. Continental Casualty Co., 31 N.J. 98, 155 A.2d 547 (1959); Santa Rosa County for Use and Benefit of J. E. Daniels, Inc. v. Raymond Blanton Constr. Co., 138 So.2d 518 (Fla.App. 1962); Commonwealth to Use of Pennsylvania Mfrs. Ass'n Cas. Ins. Co. v. Fidelity and Deposit Co., 355 Pa. 434, 50 A.2d 211 (1947); 43 Am.Jur., Public Works and Contracts, § 189, p. 930; 63 C.J.S. Municipal Corporations § 1178b, p. 874; 68 Yale Law Journal 138, 152 (1958).

Plaintiff relies upon United States to Use of Watsabaugh & Co. v. Seaboard Surety Co., 26 F.Supp. 681 (D.C.Mont. 1938), affirmed on other grounds 106 F.2d 355 (9th Cir. 1939), which permitted a recovery for workmen's compensation insurance premiums under the Heard Act, 40 U.S.C.A. § 270, the predecessor of the Miller Act. The affirmance of this case by the United States Court of Appeals for the Ninth Circuit is of little significance here inasmuch as the only point raised on appeal was whether the death of the court reporter, whose notes had not been transcribed, required a new trial. The holding of Seaboard Surety Co. on this point has not been followed by other courts and has been expressly rejected by some. In my judgment the cases rejecting Seaboard are better reasoned and correctly decided.

■ The defendants at the hearing on their motion requested the court, in the event that the same was granted, to make an award of attorney's fees as part of the costs. It has been established in this district that costs, including attorney's fees, may be awarded the prevailing party in Miller Act cases. Sam Macri & Sons, Inc., v. United States, 313 F.2d 119, 130 (9th Cir. 1963); and United States for Use and Benefit of Puget Sound Dredging Co. v. Elwin, 219 F.Supp. 418, 419–420 (D.C.Alaska 1961).

Plaintiff contends that the action is not so frivolous or lacking in merit that an award of costs would be justified.

This contention seems immaterial since the question is whether the defendants were the prevailing parties. Rule 54(d), Federal Rules of Civil Procedure, provides in part: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * * *."

■ That the defendants were the prevailing parties in this action is beyond dispute. Buza v. Columbia Lumber Co. of Alaska, 395 P.2d 511, 514 (Alaska 1964).

Defendants recognize that awarding costs and attorney's fees is discretionary with the court. They contend that they are entitled to recover costs and attorney's fees as a matter of fairness and equity. They make reference to the fact that the prayer of plaintiff's complaint requests judgment, interest, costs and attorney's fees. They contend that if plaintiff had been the prevailing party an award of costs and attorney's fees would have been entered in favor of plaintiff. They argue that it would be an extremely unfair rule or practice to award costs and attorney's fees when plaintiff prevails and to deny them when defendant prevails.

The court is impressed with defendants' arguments and recognizes that a rule or practice awarding costs and attorney's fees should not be applied unilaterally and only in favor of prevailing plaintiffs.

Plaintiff elected to commence this action. Defendants did not voluntarily become parties to this suit. They were summoned into court and are parties to this action solely by reason of proceedings initiated by the plaintiff. As a consequence thereof defendants have been put to the expense of engaging the services of counsel for the purpose of preparing and presenting their defense. The law in the State of Alaska, Civil Rule 82, provides for the allowance of attorney's fees as a part of the costs to be awarded to the prevailing party when a money judgment is recovered. The amount of the fee is determined by use of a graduated scale and depends on the amount of the recovery and whether the case is contested, without trial, or noncontested. Rule 82 further provides in part: "Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as part of the costs of the action, in its discretion, in a reasonable amount."

■ The court finds that an award of $100.00 to each of the defendants, Peter Kiewit & Sons' Co. and Aetna Casualty & Surety Co., as attorney's fees, would, under the facts and circumstances of this case, be reasonable. The amount awarded is not intended to reflect or indicate to any extent the true or actual value of the services rendered by counsel for defendants.

By reason of the matters stated in this opinion, no ruling is necessary on defendants' motion for leave to make Continental Casualty Company a party to this action and to serve upon it a summons and third party complaint.