QUESTION: Are supplies of motor fuel, tires, and repair parts held for the sole purpose of operation and maintenance of rental cars and trucks to be considered inventory for purpose of assessing the personal property tax?
SUMMARY: Supplies of tires and repair parts held for the sole purpose of physical incorporation in vehicles held for sale or lease to customers in the ordinary course of business constitute inventory within the purview of s. 192.001(11)(c), F. S., prior to their physical incorporation in the vehicles. Supplies of motor fuel held for the sole purpose of use in vehicles leased to customers in the ordinary course of business, being consumed with use, constitute tangible personal property within the purview of s. 192.001(11)(d), F. S. The file accompanying the opinion request reflects that a truck rental firm engages in the business of leasing vehicles on both longand short-term rentals to various customers. Pursuant to the lease contracts, the truck rental firm is obligated to furnish gasoline, repair parts, and tires on the vehicles during the course of the lease. The truck rental firm therefore maintains a stockpile of fuel, parts, and tires based upon anticipated lease needs. It is the proper method of ad valorem taxation of such supplies that is the subject of this opinion. Two mutually exclusive definitions found in s.192.001(11)(c) and (d), F. S., play the determinative role in this matter. The former paragraph provides the definition of inventory as follows: "Inventory" means only those chattels consisting of items commonly referred to as goods, wares, and merchandise (as well as inventory) which are held for sale or lease to customers in the ordinary course of business. Supplies and raw materials shall be considered to be inventory only to the extent that they are acquired for sale or lease to customers in the ordinary course of business or will physically become a part of merchandise intended for sale or lease to customers in the ordinary course of business. Partially finished products which when completed shall be held for sale or lease to customers in the ordinary course of business shall be deemed items of inventory. All livestock shall be considered inventory. Items of inventory held for lease to customers in the ordinary course of business, rather than for sale, shall be deemed inventory only prior to the initial lease of such items. Items of inventory refers to the total of such items in a class or category assessable to a particular taxpayer. (Emphasis supplied.)
The latter paragraph provides the definition of tangible personal property, as follows: "Tangible personal property" means all goods, chattels, and other articles of value (but not including the vehicular items enumerated in s. 1(b), Art. VII of the State Constitution and elsewhere defined) capable of manual possession and whose chief value is intrinsic to the article itself. "Inventory" and "household goods" are expressly excluded from this definition. The definitional context within which the supplies are categorized is of great moment to the taxpayer, for if the same are within the ambit of the statutory definition of inventory, s. 193.511, F. S., provides for their assessment at only 25 percent of just value. If, however, such supplies fall within the context of tangible personal property, they are assessed at 100 percent of just value. In s. 192.001(11)(c), F. S., the term "supplies" is categorized as inventory in two situations where supplies are acquired for sale or lease to customers in the ordinary course of business or will physically become a part of merchandise intended for sale or lease to customers in the ordinary course of business. Such two alternatives would clearly appear to categorize as inventory supplies either being directly sold or leased to customers or being indirectly sold or leased to customers through their physical incorporation in another product being so sold or leased. In the instant situation, there is not a direct sale or lease of the supplies of gasoline, tires, or repair parts to customers, but rather the use of such supplies in or on vehicles leased to customers. Consequently, we are concerned with that portion of s. 192.001(11)(c), F. S., which categorizes as inventory those supplies which "will physically become a part of merchandise intended for sale or lease to customers in the ordinary course of business." Generally, the term "supplies," when used as a noun, can refer to articles of tangible personalty consumed with their use, to tangible personalty which becomes physically a part of a finished product or, in the term's broadest sense, to tangible personalty either consumed by use or physically incorporated in a finished product. Logan Lanes, Inc. v. Brunswick Corp., 378 F.2d 212 (9th Cir. 1967), Santa Rosa County v. Raymond Blanton Construction Co., 138 So.2d 518 (1 D.C.A. Fla., 1962), and Waterman Steamship Corp. v. State, 124 So.2d 65 (Ala. 1960). Applying this rationale to that portion of s. 192.001(11)(c), F. S., which relates to supplies which "will physically become a part of merchandise held for sale or lease," the meaning of the term "supplies" becomes clear. Such term would encompass only those items which physically become a part of another product. Items consumed with their use would not be within the purview of the term "supplies" as so categorized. Hence, supply items which are consumed with their use and do not become a physical part of a product held for sale or lease to customers in the ordinary course of business do not fall within the purview of s. 192.001(11)(c), F. S. Applying this rationale to the three supply items forming the subject matter of this opinion, motor fuel, tires, and repair parts, it is apparent that the former item, motor fuel, being consumed with its use, is not within the statutory definition of the term "inventory." Motor fuel, being an item of property both intrinsically valuable and capable of manual possession, would fall within the definitional purview of tangible personal property, s. 192.001(11)(d), F. S., and would be subject to ad valorem taxation as such.
The latter two supply items, tires and repair parts, "will physically become a part of merchandise intended for sale or lease to customers in the ordinary course of business" and, therefore, are properly categorized as inventory pursuant to s.192.001(11)(c). Consequently, the question posed at the outset of this opinion is answered in the affirmative as to supplies of tires and repair parts. Such supplies, prior to their physical incorporation in the vehicle, fall within the statutory definition of inventory and would be subject to ad valorem taxation as such. The question posed at the outset is answered in the negative as to motor fuel. The same, being consumed with its use, does not fall within the purview of inventory but rather falls within the definition of tangible personal property and is accordingly subject to ad valorem taxation as such.