Williams v. Campbell, No. 0920-01 Cnc (Katz, J., Jan. 7, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT          SUPERIOR COURT
Chittenden County, ss.:          Docket No. 0920-01 CnC

MICHAEL WILLIAMS and
RONALD PUMA

v.

DENNIS CAMPBELL, ET AL.

ENTRY

Defendant seeks attorneys fees and costs in a breach of contract action. Plaintiffs oppose this motion claiming that defendants are not prevailing parties under either the terms of the contract or by the resulting dismissal of plaintiffs' case. We disagree and find that the defendants are the prevailing party as understood by their contract.

Plaintiffs claimed a breach of contract when defendants refused to sell their building after plaintiffs shifted their source of financing in

contravention to the contract. Defendants challenged the plaintiffs' claims, and the case was dismissed when plaintiffs failed to prosecute. Under the terms of the contract, the prevailing party in any legal action for breach shall be entitled to reasonable attorney's fees and costs. The fact that the defendants have successfully defended a claim for breach of contract makes them the prevailing party in the plain meaning of this phrase. D.J. Painting Inc. v. Baraw Enters., Inc., 172 Vt. 239, 247 (2001) (affirming defendant as "substantially prevailing party" after a breach of contract claim was dismissed); see also U.S. for Use of West v. Peter Kiewit & Sons' Co., 235 F. Supp. 500, 503 (D. Alaska 1964) ("[I]it would be an extremely unfair rule or practice to award costs and attorney's fees when plaintiff prevails and to deny them when defendant prevails.").

The next question is whether there is a prevailing party since the claim was dismissed for lack of prosecution. Defendants, in this case, actively defended their rights and incurred legitimate expenses to answer the plaintiffs claims. The language of the contract does not condition its award of fees and costs on the manner or standard by which a party prevails. The fact that plaintiffs chose to walk away once it appeared that their claim was less than promising, rather than follow it through to summary judgment and additional expenses, does not lessen the defendants' prevailing status. See, e.g., Hatch v. Dance, 464 So.2d 713, 714 (Fla. App. 1985); Sackett v. Mitchell, 505 P.2d 1136, 1137 (Or. 1973). Therefore, defendants are the prevailing party for the purposes of attorney's fees and costs.

Based on the foregoing, defendants' motion for reasonable attorney's fees and costs is granted.


Dated at Burlington, Vermont_____, 2004.



_____
Judge