Williams v. Campbell, No. S0920-01 Cncv (Katz, J., Mar. 12, 2004)


[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT
Chittenden County, ss.:


MICHAEL WILLIAMS and
RONALD PUMA

v.

DENNIS CAMPBELL, ET AL.


ENTRY
(Motion for Reconsideration)

Following our previous entry granting defendants' motion for attorney's fees and costs, plaintiffs have requested reconsideration arguing that the language of the contract requires a different interpretation. The provision at issue is part of a purchase and sale agreement between plaintiffs and defendants for a building on Main Street in Burlington. Within the agreement, paragraph 29 is entitled "Default." As Black's

defines it, default is "the omission or failure to perform a legal or contractual duty." Black's Law Dictionary 376 (5th ed. 1979). In other words, the paragraph details the rights and remedies available to both parties stemming from a failure or breach of the purchase and sale agreement. Indeed, the paragraph begins by detailing the sellers' position should purchasers default and continues with the purchasers' position should the sellers default. The paragraph ends with the following disputed sentence: "In the event legal action is instituted arising out of a breach of this contract, the prevailing party shall be entitled to reasonable attorney's fees and court costs."

When defendant sellers terminated this agreement based on the plaintiff purchasers' failure to meet a material provision, the purchasers filed suit and based their claim on breach of the agreement, specifically in paragraphs 16, 18, 20, 21, and 26 of their complaint. (Pl. Compl. July 31, 2001). Thus the first part of the sentence was activated. Purchasers had instituted legal action arising out of they characterized as a breach of the purchase and sale agreement. As detailed in our previous order, defendants prevailed in this action and were therefore eligible for attorney's fees and costs.

Plaintiffs argue that the sentence requires a slightly different interpretation. According to plaintiffs, the sentence requires a party to prove that the other breached the contract before attorney's fees can be awarded. Aside from the fact that the language of the sentence and its paragraph do not make this distinction between remedies if breach is proven and remedies if it is not, the plaintiffs' interpretation would leave the sellers in a position where they would be liable for attorney's fees if they had the lost the case but are not eligible for them if they prevail. Such a one-sided provision, however, would give dissatisfied parties incentive to

sue for breach when they became dissatisfied. See, e.g., <u>U.S. for Use of West v. Peter Kiewit & Sons' Co.</u>, 235 F. Supp. 500, 503 (D. Alaska 1964). Clearly, the provisions of the default are not meant to encourage litigation or reward one side. In fact the provisions take some pains to be even-handed and not punitive. The language of the sentence and the default paragraph simply does not support this second interpretation. See <u>Morrisseau v. Fayette</u>, 164 Vt. 358, 366–67 (1995) ("Unless it is ambiguous, the construction of a contract is for the court as a matter of law."). The first part of the sentence is triggered when a party asserts breach of contract. The second part entitles the prevailing party to attorney's fees. In this case plaintiffs sued for breach of the agreement, but it was defendants who prevailed.

While the "American Rule" does mean that parties bear their own litigation expenses, this "Rule" may be modified by statute, contract, or equity. <u>D.J. Painting Inc. v. Baraw Enters., Inc.</u>, 172 Vt. 239, 247 (2001). In this situation, the parties included a contractual provision that provided attorney's fees to the prevailing party in a legal action arising out of breach of the agreement. As this agreement was freely signed by both parties and contained consideration, it is legally enforceable. Plaintiffs triggered the provision by filing a complaint for breach of contract.

Plaintiffs' motion for reconsideration is dismissed.

Dated at Burlington, Vermont_____, 2004.