HENDRY, Judge.
Appellants were the vendors in a contract to sell a restaurant to appellees. The contract provided in pertinent ;part:
“* * * after reasonable diligence on his part said title shall not be made good and marketable within a reasonable time, the seller shall, return the money this day paid and all monies ■ that may have been paid to him under this contract * * * ”
The vendees paid to the vendors’' attorney, as escrow agent, $5,500 upon the execution of the above contract on November 20, 1961. The contract provided for the purchase of the vendors’ restaurant, and the realty upon which it was situated. Part of the furniture and fixtures of the restaurant, which was supposed to pass to -the vendees, was during this time the subject of litigation. The former tenant of the building instituted an action of replevin for possession of the furniture and fixtures in dispute. The vendors defended, and posted a bond so that they could retain possession of this property. The -suit was decided adverse to the vendors, but the successful litigant satisfied the judgment out of the bond posted by the vendors rather than by reclaiming the subject matter of the litigation.
The vendees claimed that the litigation constituted a cloud upon the title and thereby made it unmarketable. They instituted an action at law against the escrow agent and vendors seeking the return of the escrow fund. The vendors instituted a suit in equity to compel specific performance of the contract, claiming that their title was marketable. The suits were consolidated, tried and resulted in a decree, which is the subject matter of this appeal. Its pertinent parts are as follows:
“ADJUDGED, ORDERED AND DECREED that the equities in this cause are with the plaintiffs, Sam Spiel-vogel and Shirley B. Spielvogel, his wife, (being plaintiffs in Law Action No. 62L987 and defendants in Chancery No. 62C2745) and against Edward A. Odekirk (defendant in Law Action No. 62L987) and Daniel Peters and Louis Lazar (Plaintiffs in Chancery No. 62C2745), and it is further
“ADJUDGED, ORDERED AND DECREED that the complaint of Daniel Peters and Louis Lazar, In Chancery No. 62C2745 against Sam Spiel-vogel and Shirley B. Spielvogel, his wife, be and the same is hereby dismissed with prejudice, and it is further
“ADJUDGED, ORDERED AND DECREED that Sam Spielvogel and Shirley B. Spielvogel, his wife, do have and recover of and from Daniel Peters, Louis Lazar and Edward A. Odekirk the sum of FIVE THOUSAND, FIVE HUNDRED ($5,500.00) DOLLARS heretofore deposited in connection with the contract described in the pleadings, together with interest from March 13, 1962, and the costs of this action to be hereinafter taxed upon notice, and it is further
“ADJUDGED, ORDERED AND DECREED that the said Sam Spiel- *61 vogel and Shirley B. Spielvogel, his wife, do have a Vendee’s Lien against the property described in these pleadings, to-wit:
“Lot 9, Block 12, OCEAN BEACH ADDITION No. 1, according to the Plat thereof, recorded in Plat Book 3, at Page 11 of the Public Records, Dade County, Florida.
and the said Lienors are granted all rights in equity to enforce and collect the said Lien in the amount herein-above set forth together with interest, as stated, and costs of this action, and it is further
“ADJUDGED, ORDERED AND DECREED that the Court retain jurisdiction of this cause for the purpose of enforcing the said Lien in the event that the amount here adjudged is not properly paid.”
The first question necessary of decision is whether the questionable title of the vendors to the personal property portion of the contract made the entire title unmarketable and the contract based thereon unenforceable? We answer this question in accord with the lower court in the affirmative.
The rule in regard to what constitutes marketable title was clearly enunciated by the Supreme Court in Wheeler v. Sullivan, 90 Fla. 711, 106 So. 876, 878 to be:
“When a vendor of real property expressly or by implication agrees to convey a good title or marketable title, that undertaking is discharged only by the conveyance of a title unincumbered and free from reasonable doubt as to any question of law or fact necessary to sustain its validity.”
It is clear that the primary purpose in entering into this agreement was the purchase of a restaurant. This restaurant was made up of the components, realty and personalty. These components were not severable, and unless marketable title to both could be passed the consideration for the contract failed.[1] Inasmuch as the title was unmarketable, the court was correct in dismissing appellees’ equity action for specific performance, and decreeing that appellees were entitled to the return of their $5,500.00.
Appellants next contend that even though appellees are entitled to the return of the money paid into escrow, such a judgment should be against the escrow agent, not the vendors, and therefore the vendee’s lien upon their property is erroneously placed.
Appellants contend and refer this court to Cradock v. Cooper, Fla.App.1960, 123 So.2d 256, for the proposition that the depositor must bear the loss when the escrow fund is unable to reimburse the money. We agree with that case in every respect, but it is inapplicable here. That case stands for the above cited proposition when there has been no agreement to the contrary or in the absence of any agreement in regard thereto. In our situation, appellants’ attorney agreed in open court to the procedure adopted by the trial court and complained of here. Had not the appellant agreed to this procedure the court could not have so decreed, hut by this agreement appellants waived their right to question this part of the decree.
Accordingly the judgment appealed is affirmed.
Affirmed.

. See Kehl v. Miami Title & Abstract Co., 143 Fla. 9, 196 So. 610; 92 O.J.S. Vendor & Purchaser § 196; 33 Fla.Jur., Vendor & Purchaser § 63; 78 O.J.S. Sales § 443.