281 F.Supp. 1010 (1968)
UNITED STATES for the Use and Benefit of PITTSBURGH-DES MOINES STEEL COMPANY, Plaintiff,
v.
MacDONALD CONSTRUCTION COMPANY, and the Travelers Indemnity Company, Defendants.
No. 67 C 210(2).
United States District Court E. D. Missouri, E. D.
January 30, 1968.
*1011 Wm. H. Wyne, Jr., and Wyne & Delworth, Clayton, Mo., for plaintiff.
Wm. D. Dale, Jr., Biggs, Hensley, Curtis & Biggs, St. Louis, Mo., for MacDonald Const. Co.
Ralph C. Kleinschmidt, Evans & Dixon, St. Louis, Mo., for Travelers Indemnity Co.

MEMORANDUM
MEREDITH, District Judge.
This case is pending on separate motions by defendant the Travelers Indemnity Company (hereinafter referred to as "Travelers") and defendant MacDonald Construction Company (hereinafter referred to as "MacDonald"). Defendant Travelers has moved to dismiss plaintiff's Second Amended Complaint as to said defendant. Defendant MacDonald has moved to dismiss Count II of plaintiff's Second Amended Complaint and for a more definite statement of Count III of plaintiff's Second Amended Complaint.
Plaintiff alleges that defendant MacDonald entered into a contract with the National Park Service of the United States Department of the Interior for the construction of the Gateway Arch and Visitor Center (hereinafter referred to as the "Arch Project") in the City of *1012 St. Louis, Missouri, and that defendant MacDonald furnished a payment bond (Miller Act bond) in the sum of $2,500,000 with defendant Travelers as surety thereon, as required by and in accordance with 40 U.S.C. § 270a. Thereafter, on March 22, 1962, plaintiff agreed to perform certain labor and supply certain materials on the Arch Project. By virtue of this subcontract, plaintiff alleges three separate causes of action against defendant MacDonald, and also against Travelers as MacDonald's surety. Jurisdiction over Travelers is based on 40 U.S.C. § 270b.
Count I of plaintiff's Second Amended Complaint is based upon MacDonald's alleged failure to comply with section III of the subcontract governing MacDonald's duty to plaintiff. This section provides:
"Method of Payment. Payments shall be made by the Contractor to the Subcontractor monthly as the work progresses, * * *."
Plaintiff lists thirty-four dates on which plaintiff "has reason to believe that payment was made by the United States Government to the defendant," and states that payment to plaintiff was not made by defendant in accordance with the subcontract or within a reasonable period of time after the date on which these sums became due and payable, and concludes that by virtue of MacDonald's failure to make prompt payment, plaintiff became a creditor of defendant MacDonald.
Section 408.020, V.A.M.S., provides:
"Creditors shall be allowed to receive interest at the rate of six per cent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; * * *"
In accordance with this Missouri statute, plaintiff prays for judgment against the defendants at the rate of six percent per annum "for all monies due and owing" from MacDonald to plaintiff from the date such payment was due plaintiff under the subcontract until the date such moneys were actually received (together with costs and attorneys' fees). All moneys due on the labor and materials have now been paid.
In Count II, plaintiff alleges that the subcontract includes, by reference, the provisions of the contract between defendant MacDonald and the United States Government, that there is an implied agreement in the latter contract not to cause delay, that defendant MacDonald did cause such a delay in the construction of the Arch Project, which delay resulted in damage to plaintiff in the sum of $99,227.00.
In Count III, plaintiff alleges that the subcontract required plaintiff to carry certain insurance, the amount of which was increased by a rider; that by "written communication", dated April 3, 1963, J. D. Minner, agent and employee of defendant MacDonald, confirmed the agreement between plaintiff and MacDonald by which the latter agreed to pay the additional premium that the additional coverage supplied by the rider required, and that defendant MacDonald would pay to plaintiff the total cost of the premiums for such insurance coverage after plaintiff concluded its work on the Arch Project. Plaintiff says that it paid, in advance, insurance premiums amounting to $6,750.00; that it has made demand on MacDonald for reimbursement of this sum, but that MacDonald has refused to reimburse plaintiff for the premiums plaintiff paid. In Count III, plaintiff prays for judgment against defendants in the amount of $6,750.00, plus interest from June 28, 1966, plus costs.
Defendant Travelers has moved (separately from defendant MacDonald) to dismiss plaintiff's Second Amended Complaint as to Travelers on the grounds that the claims made in Counts I, II, and III of the complaint are not "for labor performed or materials supplied" within the meaning of 40 U.S.C. § 270b, and, thus, are not *1013 claims for which defendant surety can be liable to plaintiff under the law.
The purpose of the Miller Act was to give those supplying labor and materials for government contracts protection comparable to that furnished by mechanics' and materialmen's liens where private construction is involved. See Arthur N. Olive Co. v. United States, 297 F.2d 70 (1st Cir. 1961), and cases cited therein.
Count I clearly encompasses "credit extended" rather than "labor performed" or "materials furnished", and therefore, is not within the scope of the Miller Act.
Count II seeks damages for losses suffered by plaintiff due to delays resulting from the acts or omissions of others. In United States to Use of Watsabaugh & Co. v. Seaboard Surety Co., 26 F.Supp. 681 (D.Mont.1938), sustained 106 F.2d 355 (9th Cir. 1939), the Court held that a subcontractor was not entitled to recover from the surety on a federal building contractor's bond for losses suffered due to delays growing out of the acts or omissions of others. The Court there reasoned that the purpose of the bond was to protect persons furnishing labor and materials for the construction of public works and "does not include a guarantee of profits which a contractor or subcontractor may expect to make, or a promise to make good any loss that either of them may suffer." id., at 688.
The Watsabaugh case was decided under the Heard Act, which was the statutory predecessor to the Miller Act, but the Arthur N. Olive Co. case, supra, 297 F.2d at 72, indicates that the result would have been the same on this point had the Watsabaugh case been decided under the Miller Act. Thus, as a matter of law, plaintiff may not recover the damages alleged in Count II from defendant Travelers on the basis of the latter's Miller Act bond.
In Count III, plaintiff seeks reimbursement from defendant MacDonald for insurance premiums which the latter allegedly agreed to pay defendant Travelers. Although plaintiff seeks judgment against both defendants, Count III is clearly directed against MacDonald alone, and has nothing to do with Travelers' responsibilities under its bond, or recovery from Travelers of the insurance premiums paid to it.
The Court concludes that, as a matter of law, the claims made by plaintiff in Counts I, II, and III of the Second Amended Complaint are not claims for which defendant Travelers could be liable to plaintiff, and accordingly, the motion to dismiss plaintiff's Second Amended Complaint as to Travelers will be granted.
In separate motions, defendant MacDonald has moved to dismiss Count II of plaintiff's Second Amended Complaint and for a more definite statement of Count III.
Plaintiff's Count II claim against MacDonald rests on MacDonald's alleged breach of its contractual obligation not to interrupt, hinder, or delay plaintiff's progress in connection with its work on the Arch Project. Plaintiff alleges that this obligation was implied in the contract between MacDonald and the United States, which contract was made a part of the subcontract governing relations between plaintiff and defendant MacDonald.
Defendant MacDonald contends that the alleged obligation is unsupported by facts, and, therefore, constitutes a bare conclusion of law which is insufficient to state a claim upon which relief can be granted.
It is well settled that under the Federal Rules of Civil Procedure, a plaintiff is required to plead facts, and not law. Padovani v. Bruchhausen, 293 F.2d 546, at 549, (2nd Cir. 1961). Thus, a pleading which states conclusions of law alone, without stating the underlying facts supporting such conclusions, is insufficient to meet the requirements of federal "notice-pleading" as set forth in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Cf. East Crossroads *1014 Center, Inc. v. Mellon-Stuart Co., 245 F.Supp. 191 (W.D.Pa.1965).
Plaintiff has not recited facts and/or contract provisions upon which the alleged obligation is founded, and, thus, the complaint fails to give defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, supra, 355 U.S. at 47, 78 S.Ct. at 103. Therefore, plaintiff will be given 15 days in which to amend Count II of its Second Amended Complaint so as to include an adequate factual foundation and the pertinent terms of the contract to support the alleged obligation on the part of MacDonald not to hinder or delay plaintiff, for breach of which obligation plaintiff asks $99,227.00 in damages.
With respect to Count III, the Court finds that plaintiff's Second Amended Complaint states the factual and documentary basis for its claim with sufficient particularity to meet the requirements for federal "notice-pleading" as set forth in Conley v. Gibson, supra. Therefore, the motion by defendant MacDonald for a more definite statement of Count III will be denied.