**UNITED STATES of America, for the use of Coastal Steel Erectors, Inc., Appellant,**

v.

**ALGERNON BLAIR, INCORPORATED, and United States Fidelity and Guaranty Company, Appellees.**

No. 72–2443.

United States Court of Appeals, Fourth Circuit.

Argued May 9, 1973.

Decided June 14, 1973.

Morris D. Rosen, Charleston, S. C. (George B. Bishop, Moncks Corner, S. C., on brief) for appellant.

Herman H. Hamilton, Jr., Montgomery, Ala., and Ben Scott Whaley, Charleston, S. C. (Nathaniel L. Barnwell, Charleston, S. C., on brief) for appellees.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and CRAVEN, Circuit Judge.

CRAVEN, Circuit Judge:

May a subcontractor, who justifiably ceases work under a contract because of the prime contractor's breach, recover in quantum meruit the value of labor and equipment already furnished pursuant to the contract irrespective of whether he would have been entitled to recover in a suit on the contract? We think so, and, for reasons to be stated, the decision of the district court will be reversed.

The subcontractor, Coastal Steel Erectors, Inc., brought this action under the provisions of the Miller Act, 40 U.S.C.A. § 270a et seq., in the name of the United States against Algernon Blair, Inc., and its surety, United States Fidelity and Guaranty Company. Blair had entered a contract with the United States for the construction of a naval hospital in Charleston County, South Carolina. Blair had then contracted with Coastal to perform certain steel erection and supply certain equipment in conjunction with Blair's contract with the United States. Coastal commenced performance of its obligations, supplying its own cranes for handling and placing steel. Blair refused to pay for crane rental, maintaining that it was not obligated to do so under the subcontract. Because of Blair's failure to make payments for crane rental, and after completion of approximately 28 percent of the subcontract, Coastal terminated its performance. Blair then proceeded to complete the job with a new subcontractor. Coastal brought this action to recover for labor and equipment furnished.

■ The district court found that the subcontract required Blair to pay for crane use and that Blair's refusal to do so was such a material breach as to justify Coastal's terminating performance. This finding is not questioned on appeal. The court then found that under the contract the amount due Coastal, less what had already been paid, totaled approximately $37,000. Additionally, the court found Coastal would have lost more than $37,000 if it had completed performance. Holding that any amount due Coastal must be reduced by any loss it would have incurred by complete performance of the contract, the court denied recovery to Coastal. While the district court correctly stated the "'normal' rule of contract damages,"[1] we think Coastal is entitled to recover in quantum meruit.[2]

■ In United States for Use of Susi Contracting Co. v. Zara Contracting Co., 146 F.2d 606 (2d Cir. 1944), a Miller Act action, the court was faced with a situation similar to that involved here—the prime contractor had unjustifiably breached a subcontract after partial performance by the subcontractor. The court stated:

For it is an accepted principle of contract law, often applied in the case of construction contracts, that the promisee upon breach has the option to forego any suit on the contract and claim only the reasonable value of his performance.

146 F.2d at 610. The Tenth Circuit has also stated that the right to seek recovery under quantum meruit in a Miller

1. Fuller & Perdue, The Reliance Interest in Contract Damages, 46 Yale L.J. 52 (1936); Restatement of Contracts § 333 (1932).

2. Where there is a distinction between federal and state substantive law, federal law controls in actions under the Miller Act. United States for Use and Benefit of Astro Cleaning & Packaging Co. v. Jamison Co., 425 F.2d 1281, 1282 n. 1 (6th Cir. 1970). But in this case the result would be the same, we think, under either state or federal law. *Compare* United States for Use of Susi Contracting Co. v. Zara Contracting Co., 146 F.2d 606 (2d Cir. 1944), *with* Gantt v. Morgan, 199 S.C. 138, 18 S.E.2d 672 (1942).

Act case is clear.[3]  Quantum meruit recovery is not limited to an action against the prime contractor but may also be brought against the Miller Act surety, as in this case.[4]  Further, that the complaint is not clear in regard to the theory of a plaintiff's recovery does not preclude recovery under quantum meruit. Narragansett Improvement Co. v. United States, 290 F.2d 577 (1st Cir. 1961). A plaintiff may join a claim for quantum meruit with a claim for damages from breach of contract.[5]

█ In the present case, Coastal has, at its own expense, provided Blair with labor and the use of equipment.  Blair, who breached the subcontract, has retained these benefits without having fully paid for them.  On these facts, Coastal is entitled to restitution in quantum meruit.

The "restitution interest," involving a combination of unjust impoverishment with unjust gain, presents the strongest case for relief.  If, following Aristotle, we regard the purpose of justice as the maintenance of an equilibrium of goods among members of society, the restitution interest presents twice as strong a claim to judicial intervention as the reliance interest, since if A not only causes B to lose one unit but appropriates that unit to himself, the resulting discrepancy between A and B is not one unit but two.

Fuller & Perdue, The Reliance Interest in Contract Damages, 46 Yale L.J. 52, 56 (1936).[6]

█ The impact of quantum meruit is to allow a promisee to recover the value of services he gave to the defendant irrespective of whether he would have lost money on the contract and been unable to recover in a suit on the contract. Scaduto v. Orlando, 381 F.2d 587, 595 (2d Cir. 1967).  The measure of recovery for quantum meruit is the reasonable value of the performance, Restatement of Contracts § 347 (1932); and recovery is undiminished by any loss which would have been incurred by complete performance.  12 Williston on Contracts § 1485, at 312 (3d ed. 1970). While the contract price may be evidence of reasonable value of the services, it does not measure the value of the performance or limit recovery.[7]  Rather, the standard for measuring the reasonable value of the services rendered is the amount for which such services could have been purchased from one in the plaintiff's position at the time and place the services were rendered.[8]

3. Southern Painting Co. v. United States, 222 F.2d 431, 433 (10th Cir. 1955).  See also Great Lakes Constr. Co. v. Republic Creosoting Co., 139 F.2d 456 (8th Cir. 1943) (dealing with a prior statute).

4. Central Steel Erection Co. v. Will, 304 F.2d 548, 552 (9th Cir. 1962); Zara Contracting, 146 F.2d at 612.  This is consistent with the liberal construction which is given to the Miller Act to effectuate its protective purposes.  See United States ex rel. Sherman v. Carter, 353 U.S. 210, 216–217, 77 S.Ct. 793, 1 L.Ed.2d 776 (1957).

5. North Am. Graphite Corp. v. Allan, 87 U.S.App.D.C. 154, 184 F.2d 387, 389 (1950); 12 Williston on Contracts § 1469, at 210 (3d ed. 1970).

6. This case also comes within the requirements of the Restatements for recovery in quantum meruit.  Restatement of Restitution § 107 (1937); Restatement of Contracts §§ 347–357 (1932).

7. Scaduto v. Orlando, 381 F.2d 587, 595–596 (2d Cir. 1967); St. Paul-Mercury Indem. Co. v. United States ex rel. Jones, 238 F.2d 917, 924 (10th Cir. 1956); United States for Use of Susi Contracting Co. v. Zara Contracting Co., 146 F.2d 606, 610–611 (2d Cir. 1944).
   It should be noted, however, that in suits for restitution there are many cases permitting the plaintiff to recover the value of benefits conferred on the defendant, even though this value exceeds that of the return performance promised by the defendant.  In these cases it is no doubt felt that the defendant's breach should work a forfeiture of his right to retain the benefits of an advantageous bargain.
   Fuller & Perdue, supra at 77.

8. See United States for Use of F. E. Robinson Co. v. Alpha-Continental, 273 F.Supp. 758, 777 (E.D.N.C.1967), aff'd 404 F.2d 343 (4th Cir. 1968), and aff'd sub nom. Ling Elec., Inc. v. Federal Ins. Co., 406

Since the district court has not yet accurately determined the reasonable value of the labor and equipment use furnished by Coastal to Blair, the case must be remanded for those findings.[9] When the amount has been determined, judgment will be entered in favor of Coastal, less payments already made under the contract. Accordingly, for the reasons stated above, the decision of the district court is

Reversed and remanded with instructions.

See also D.C., 306 F.Supp. 891.

F.2d 561 (4th Cir.), cert. denied, 395 U.S. 922, 89 S.Ct. 1774, 23 L.Ed.2d 239 (1969), and the cases cited in note 7, *supra*.

9. Under the view of the case taken by the district court it was unnecessary to precisely appraise the value of services and materials rendered; an approximation was thought to suffice because the hypothetical loss had the contract been fully performed was greater in amount.