UNITED STATES of America for the Use of MOBILE PREMIX CONCRETE, INC., Plaintiff,

v.

SANTA FE ENGINEERS, INC., the Travelers Indemnity Co., and Garcia Concrete Inc., Defendants,

SANTA FE ENGINEERS, INC., and the Travelers Indemnity Co., Third-Party Plaintiffs,

v.

TRANSAMERICA INSURANCE CO., Third-Party Defendants.

Civ. A. No. 79–K–404.

United States District Court, D. Colorado.

May 29, 1981.

Dayton Denious, Denver, Colo., for Mobile Premix.

Curtis W. Shortridge, Denver, Colo., for Santa Fe.

Richard S. Strauss, Hochstadt, Straw & Strauss, Denver, Colo., for Transamerica.

## ORDER

KANE, District Judge.

This is an action to recover the balance for materials supplied by use plaintiff for construction of barracks complex in Fort Carson, Colorado. Jurisdiction is grounded in 40 U.S.C. §§ 270a–c, commonly known as the Miller Act. Defendant Garcia Concrete, Inc., has cross-claimed against defendant Santa Fe Engineers, Inc., and its surety The Travelers Indemnity Co. for any amounts it may be found liable to use plaintiff for and for other labor and materials supplied. It is before me on motions for summary judgment by defendant Garcia and defendants Santa Fe and Travelers.

The undisputed facts are as follows. Use plaintiff seeks to recover sums owed pursuant to a November 17, 1975 subcontract with Garcia for the supply of concrete. Garcia has paid all amounts due under the terms of this contract. However use plaintiff claims the contract prices were based on the assumption that the concrete would be delivered in 1976 and the very beginning of 1977, and the project completed in January or February of 1977. The bulk of the concrete was actually delivered in 1977 and 1978, and the project was not completed until April 20, 1978. Use plaintiff attempted to raise the price in a letter to Garcia dated February 23, 1977. Garcia responded by letter on March 15, 1977, that it would not be able to pay the higher prices unless it could obtain the additional amounts from Santa Fe, the contractor on the project. Delivery began and continued until the project was completed. The additional amounts were billed, but not paid, and upon completion of the project this litigation ensued.

■ Summary judgment, pursuant to Fed.R.Civ.P. 56(c) is a drastic remedy, *Jones v. Nelson*, 484 F.2d 1165, 1168 (10th Cir. 1973), by which movants are given the opportunity to pierce the allegations in the pleadings. However, "[t]he power to pierce the flimsy transparent factual veil should be temperately and cautiously used lest abuse reap nullification." *Avrick v. Rockmont Envelope Co.*, 155 F.2d 568, 571 (10th Cir. 1946). Summary judgment is appropriate only where there exists no genuine issue of material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1383 (10th Cir. 1980). As a matter of law, the movant must show entitlement to summary disposition beyond all reasonable doubt. *Norton v. Liddel*, 620 F.2d 1375, 1381 (10th Cir. 1980).

■ In order to determine the propriety of summary judgment I must construe all pleadings, affidavits, and depositions liberally in favor of the party against whom the motion is made. *Id.; Accord, Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980); *Commercial Iron & Metal Co. v. Bache & Co.*, 478 F.2d 39 (10th Cir. 1973). Summary judgment is not a substitute trial by affidavit. *Ando v. Great Western Sugar Co.*, 475 F.2d 531 (10th Cir. 1973). Under the rule, no margin exists for disposition of factual issues, and it does not serve as a substitute trial of the case nor require the parties to dispose of the litigation through affidavits. *Commercial Iron & Metal Co. v. Bache & Co.*, 478 F.2d at 41. Where different inferences can be drawn from conflicting affidavits, depositions and pleadings, summary judgment should not be granted. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Romero v. Union Pac. Railroad*, 615 F.2d 1303, 1309 (10th Cir. 1980).

For the reasons that follow, I hold that there are no genuine issues of fact and defendants are entitled to judgment against use plaintiff as a matter of law. Therefore, summary judgment is granted.

■ The most interesting question presented is whether federal law controls over state law in Miller Act cases. Some circuits have held that as to subcontracts, state law controls when construction of the Miller Act is not in issue and the United States is not a party to the subcontract.

Other circuits have held that federal law controls in all actions under the Miller Act. These cases are collected in *U. S. for the Use of Building Rentals Corp. v. Western Casualty & Surety Co.*, 498 F.2d 335, 338 (9th Cir. 1974). The tenth circuit has not decided either way. *See, Burgess Const. Co. v. M. Morrin & Son Co., Inc.*, 526 F.2d 108 (10th Cir. 1975), *cert. denied*, 429 U.S. 866, 97 S.Ct. 176, 50 L.Ed.2d 146 (1976). However, it seems clear that when there is a distinction between federal and state substantive law, federal law controls and the interstices may be filled by incorporating state law. *U. S. v. Algernon Blair, Inc.*, 479 F.2d 638 (4th Cir. 1973), 26 ALR Fed 741; *U. S. for the Use of Astro Cleaning & Packaging Corp. v. Jamison Co.*, 425 F.2d 1281 (6th Cir. 1970).

■ In the instant case Colorado law determines the terms of the contract, while federal law determines whether, and to what extent, the claim is cognizable under the Miller Act. *See, U. S. for the Use of Aucoin Electric Supply Co. v. Safeco Ins. Co. of America*, 555 F.2d 535 (5th Cir. 1977).

■ Defendants contend that any modification of the agreement to supply concrete must be in writing to satisfy the provision of the Uniform Commercial Code, 1973 C.R.S., § 4–1–101 *et seq.* C.R.S. § 4–2–209 requires modification of a written contract to be in writing if the contract as modified falls within the provision of the statute of frauds, at C.R.S. § 4–2–201. The statute of frauds requires contracts for the sale of goods for $500 or more to be in writing and signed by the party against whom enforcement is sought. However, § 4–2–201(3)(c) provides that a contract which does not satisfy the formal requirements of the statute, but is valid in other respects, is enforceable with respect to goods for which payment has been made and accepted or which have been received and accepted. Therefore, the formal requirements of the statute do not apply to the goods in this case and neither the contract nor its modification need be in writing. It still must be

decided whether the parties agreed to a change in price.

■ Under Colorado law, use plaintiff cannot unilaterally modify the contract. A meeting of the minds of the contracting parties is required not only to make a contract, but also to modify it. *Meinhardt v. Investment Builders Properties Co.*, 518 P.2d 1376 (Colo.App.1973). Thus, a modification or amendment must be accomplished by mutual agreement, not unilateral fiat. *MaceRich Real Estate Co. VI v. Holland Prop. Co.*, 454 F.Supp. 891 (D.Colo.1978); *Atchinson v. City of Englewood*, 193 Colo. 367, 568 P.2d 13 (1977); *Reynolds v. Farber*, 40 Colo.App. 467, 577 P.2d 318 (1978). Mutual consent to modification may be either explicitly given or inferred from the parties' conduct. *Reynolds v. Farber, supra.* A waiver can only be found upon clear unequivocal conduct or statements betraying an intent to relinquish known rights. *MaceRich Real Estate Co. v. Holland Prop. Co.*, 454 F.Supp. at 897.

■ In the instant case, Garcia did not explicitly or implicitly agree to the change in price. Upon receipt of the proposed increase, Garcia stated that it could not absorb the additional cost and would agree to it only if the prime contractor, Santa Fe would pay it. In addition, Garcia continued to pay the lower price throughout the life of the contract.[1] Its conduct does not imply acquiescence. At most Garcia undertook to try to get Santa Fe to absorb the extra costs. Therefore, the contract stands as written and any additional claim must be for breach of contract or on the basis of quantum meruit.

■ Recovery on the basis of quantum meruit, or for the reasonable value of services provided, has been permitted under the Miller Act when there was no express contract between the parties regarding the work performed, *Central Steel Erection Co. v. Will*, 304 F.2d 548 (9th Cir. 1962); *U. S. for Use of Spikes v. Americ, Inc.*, 416 F.Supp. 456 (D.La.1976); *U. S. for Use of Altman v. Young Lumber Co.*, 376 F.Supp.

1. Deposition of Clarence Garcia, pp. 9–10.

1290 (D.S.C.1974), or where extra labor was performed or extra materials furnished which were not contemplated by the original contract. *Wunderlich Construction Co. v. United States,* 240 F.2d 201 (10th Cir.), *cert. denied,* 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 859 (1957); *Hensel Phelps Construc. Co. v. United States,* 413 F.2d 701 (10th Cir. 1969). Recovery on the basis of quantum meruit has also been permitted where there has been a breach of contract. *U. S. for the Use of A. V. De Blasio Const. Inc., v. Mountain States Const. Co.,* 588 F.2d 259 (9th Cir. 1978); *U. S. v. Algernon Blair Inc.,* 479 F.2d 638 (4th Cir. 1973); *Southern Painting Co. of Tenn. v. U. S.,* 222 F.2d 431 (10th Cir. 1955); *U. S. for the Use of Susi Contracting Co. v. Zara Contracting Co.,* 146 F.2d 606 (2nd Cir. 1944).

█ However, the Miller Act does not substitute a cause of action in quantum meruit in derogation of the provisions of an express contract. *See e. g., U. S. v. Volpe & Co.,* 359 F.2d 132 (1st Cir. 1966); *Continental Casualty Co. v. Alsop Lumber Co.,* 336 F.2d 445 (8th Cir. 1964), *cert. denied,* 379 U.S. 968, 85 S.Ct. 662, 13 L.Ed.2d 561 (1965); *Larkin v. Platt Contracting Co.,* 306 F.2d 724 (1st Cir.), *cert. denied* 371 U.S. 924, 83 S.Ct. 293, 9 L.Ed.2d 232 (1962); *Jefferson Const. Co. v. U. S.,* 283 F.2d 265 (1st Cir. 1960), *cert. denied* 365 U.S. 835, 81 S.Ct. 748, 5 L.Ed.2d 744 (1961). Thus use plaintiff cannot recover on the basis of quantum meruit.

█ Since the attempted modification was ineffective, use plaintiff really seeks to recover for the additional costs due to delay in the performance of the contract. In essence, use plaintiff asserts that there was a breach of an implied warranty against unnecessary delays and recovery may be had for losses resulting from this breach.[2] *See, L. P. Friedstedt Co. v. U. S. Fireproofing Co.,* 125 F.2d 1010 (10th Cir. 1942). However, in deciding a similar claim under the Miller Act's predecessor, the Heard Act, the 10th Circuit held that one cannot recover damages for breach of contract on a bond required by the act. *Id.,* at 1012. The reasoning behind this holding is aptly explained in *U. S. for the Use of C. Gutman v. P. J. Carlin Co.,* 254 F.Supp. 1001 (D.N.Y. 1965) where the court held:

> "The bond furnished by them is conditioned, . . . for the payment of any sums due a subcontractor for labor performed or materials furnished. The purpose and intent of the Miller Act is to protect subcontractors engaged in federal construction projects against defaults in payment for labor or material furnished by them, but not more . . . ."

*See also, Arthur N. Olive Co. v. U. S.,* 297 F.2d 70 (1st Cir. 1961), *U. S. for the Use of Pittsburg-Desmoines Steel Co. v. MacDonald Construction Co.,* 281 F.Supp. 1010 (D.Mo.1968); *U. S. for the Use of Watsabaugh & Co. v. Seaboard Surety Co.,* 26 F.Supp. 681, 688, (D.Mont.) *affirmed* 106 F.2d 355 (9th Cir. 1938); *Contra, U. S. for Mariana v. Piracci Construction Co., Inc.,* 405 F.Supp. 904 (D.D.C.1975); *U. S. for the Use of Otis Elevator Co. v. Piracci Construction Co., Inc.,* 405 F.Supp. 908 (D.D.C. 1975);[3] *U. S. for the Use of Gray Bar Elec. Co. v. J. H. Copeland & Sons,* 568 F.2d 1159 (5th Cir.), *cert. denied, Reliance Ins. Co. v. F. & D. Electrical Contractors, Inc.,* 436 U.S. 957, 98 S.Ct. 3072, 57 L.Ed.2d 1123 (1978).[4] Thus use plaintiff cannot recover

---

2. Plaintiff also claims there was fraud and misrepresentation on the part of Garcia and Santa Fe when the contract was entered into. However, these are state law claims, which are not cognizable under the Miller Act. Use plaintiff may proceed against the defendants on these claims, but this court has no jurisdiction over them.

3. In these two cases the court held plaintiff could recover from the surety out of pocket expenses of a subcontractor who received payment, but incurred additional expenses resulting from delays by third parties. The cases holding to the contrary were distinguished on the ground that plaintiffs were seeking to recover lost profits. While this reasoning provides a more equitable result, it is contrary to the reasoning in *Friedstedt, supra.*

4. In this case the court held that plaintiff could recover if it could show that the contractor caused a substantial delay in performance, the contract terms forbade such a delay, and injury

under the Miller Act for delays in performance. This does not leave plaintiff without a remedy. Use plaintiff can of course prosecute an action in state court for damages against Garcia and Santa Fe. This court, however, would have no jurisdiction over them. Accordingly, it is

ORDERED that the motion for summary judgment is granted. Each party to bear its own costs.

resulted. However, the contract in the instant case contains no such clause and plaintiff has

not and cannot make the showing required.