**W.S.A. INC. d/b/a Harmon Contract, Inc. f/k/a Harmon Contract Glazing, Inc. d/b/a Harmon Contract Glazing, Plaintiff,**

v.

**STRATTON and Fidelity & Deposit Co., Defendants.**

**No. 87–6703–CIV–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

Feb. 17, 1988.

---

Ira Genberg, Atlanta, Ga., for plaintiff.

James Murphy, Ft. Lauderdale, Fla., for Fidelity & Deposit.

George P. Opel, Palm Beach, Fla., for Stratton.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S CLAIM FOR DELAY DAMAGES

SPELLMAN, District Judge.

This CAUSE comes before the Court on Defendant's, FIDELITY & DEPOSIT CO., Motion to Dismiss filed with this Court on December 28, 1987. The complaint alleges the following facts: Plaintiff Harmon, the subcontractor, entered into a construction subcontract with defendant Stratton for the performance of specified work on a project in Ft. Lauderdale, Florida ("the project"). Stratton, as principal, secured a payment bond from Fidelity & Deposit, as surety, to secure payment to all claimants for labor and materials used in the construction of the project. Harmon performed work on the project from August 1985 until September 1986, when Stratton refused to pay Harmon for its work. Harmon attempted to obtain payment, but Stratton refused and ultimately Stratton could not perform its prime contract with the owner of the project. Harmon unsuccessfully proceeded to seek payment from Fidelity & Deposit, as surety, for the cost of labor and materials. Harmon then contracted directly with the owner in December 1986 for the completion of the project. Harmon thereafter instituted this suit alleging Stratton's intentional breach of contract, breach of duty of ordinary care and interference with Harmon's ability to perform. Harmon alleged that both defendants, Stratton and Fidelity & Deposit, are liable for any damages. Harmon further alleged in its complaint that all its labor and material costs, including costs as a result of delay, are recoverable under the payment bond and that Fidelity & Deposit has unjustifiably refused payment.

Fidelity & Deposit's Motion to Dismiss claimed that Harmon Contract W.S.A. is not a party to the contract under which it bases its claim, therefore the complaint should be dismissed under Federal Rule of Procedure 12(b)(6). Harmon Contract Glazing, Inc., the party named in the contract changed its name to W.S.A. Inc. d/b/a Harmon Contract, Inc. This Court's Order dated December 22, 1987, granted Plaintiff's amendment to the complaint to properly reflect the name change. This challenge is, therefore, without merit.

▮ Fidelity & Deposit next argues that Plaintiff's claim for additional costs due to delay in performance of a contract are not recoverable under the payment bond. The payment bond in this case was executed pursuant to Florida Statute section 713.23, Fla.Stat.Ann. section 713.23 (West Supp.1987) (effective Jan. 1, 1981). The issue of whether increased costs due to delay are compensable pursuant to Florida Statute section 713.23 has not been addressed by the Florida courts. In fact, *Travelers Indemnity Co. v. Housing Authority of City of Miami*, 256 So.2d 230 (Fla. 3rd DCA 1972), the one Florida case which allowed delay damages against the surety, dealt with Florida Statute section 255.05 regarding payment bonds on public construction projects. Delay damages were awarded in that case only because the terms of the bond, which were sufficiently broad to extend coverage under the bond to damages for delay, were more extensive than required by the statute. 256 So.2d at 234.

The Florida statute on payment bonds can properly be analogized to the Miller Act, 40 U.S.C.A. section 270 (West 1986), which governs bonds on federal govern-

ment projects.[1] The court in *Lite–Air Products, Inc. v. F & D of Maryland,* 437 F.Supp. 801 (E.D.Pa.1977) made the same analogy when construing that state's statutory provision in regards to this precise issue and held that a surety is not liable for the damages resulting from delay. Cases construing the Miller Act with regard to delay damages have held that damages stemming from delay are not recoverable under the statutory payment bond. *See L.P. Friestedt Co. v. U.S. Fireproofing Co.,* 125 F.2d 1010 (10th Cir.1942) (deciding delay damage issue under the Heard Act which was predecessor to the Miller Act,); *U.S. v. P.J. Carlin Construction Co.,* 254 F.Supp. 1001 (E.D.N.Y.1965); *U.S. v. Guy H. James Constr. Co.,* 390 F.Supp. 1193 (M.D.Tenn.1972), *aff'd* 489 F.2d 756 (6th Cir.1973); *U.S. v. Santa Fe Engineers,* 515 F.Supp. 512 (D.Co.1981); *Lite–Air Products, Inc. v. F & D of Maryland,* 437 F.Supp. 801 (E.D.Pa.1977); *U.S. v. Mac-Donald Constr. Co.,* 281 F.Supp. 1010 (D.Mo.1968). *Contra U.S. v. William S. Klingensmith, Inc.,* 670 F.2d 1227 (D.C. Cir.1982); *U.S. for the Use and Benefit of Otis Elevator Co. v. Piracci Constr. Co., Inc.,* 405 F.Supp. 908 (D.D.C.1975); *U.S. for the Use and Benefit of Mariana v. Piracci Constr. Co., Inc.,* 405 F.Supp. 904 (D.D.C.1975).[2] Such should be the result here.

An examination of both the language of the statute and the payment bond itself buttresses this result. There is no indication of any intention to hold the surety liable for damages caused by delay. The clear language of the payment bond states the surety is liable for only labor, materials and supplies. The same holds true for the statute itself. Because there is no intention in either the statute or this bond in particular, to the contrary, the surety should not be liable for the damages caused by the negligence of the principal in causing the delay. "Labor" and "material" should not encompass damages for breach of contract. *Lite–Air Products, Inc.,* 437 F.Supp. at 804; *see also U.S. v. Guy H. James Constr. Co.,* 390 F.Supp. 1193 (M.D. Tenn.1972), *aff'd,* 489 F.2d 756 (6th Cir. 1974); *U.S. v. Santa Fe Engineers,* 515 F.Supp. 512 (D.Co.1981); *U.S. v. Mac-Donald Construction Co.,* 281 F.Supp. 1010 (D.Mo.1968). Thus, it appears beyond doubt that Harmon can prove no set of facts in support of its claim for delay damages which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Accordingly, it is hereby

ORDERED AND ADJUDGED that Fidelity & Deposit's Motion to Dismiss is GRANTED insofar as it seeks to dismiss Plaintiff's claim for the recovery of delay damages against this surety.[3]

---

1. Florida courts have looked to the Miller Act in interpreting Florida Statute section 255.05 governing payment bonds on public construction projects. *See Winchester v. Florida Electric Supply,* 134 So.2d 826 (Fla. 2d DCA 1961); *Miller v. Knob Construction Co.,* 368 So.2d 891 (Fla. 2d DCA 1979); *Gorman Co. of Fort Lauderdale, Inc. v. Frank Maio General Contractor, Inc.,* 438 So. 2d 1018 (Fla. 4th DCA 1983).

2. The District of Columbia is in the minority. Interestingly, both the District of Columbia District Court cases permitted recovery of delay damages under a revised standard government contract.

3. On November 3, 1987, prior to Harmon's first amendment to its complaint, F & D had filed a Motion to Dismiss to which plaintiff responded. The present Motion to Dismiss is essentially the same as the first except the first Motion to Dismiss raised one additional argument not repeated in the second, namely, that plaintiff's failure to file a contractor's affidavit pursuant to Florida statutes section 713.06(3)(d)(1) (1985) precludes the maintenance of an action to foreclose a mechanic's lien. This argument is meritless. During August and September of 1986, the months Harmon performed work for which it now seeks compensation, Harmon was not involved in a direct contractual relationship with the owner, and thus does not have to file a contractor's affidavit. Therefore, to the extent the first Motion to Dismiss is not MOOT, it is hereby DENIED.